UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BOGLE,

       Plaintiff,                                     Hon. Janet T. Neff

v.                                                         Case No. 1:09-CV-1046

MIKE RAINES,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (Dkt. #2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated this action on November 16, 2009, against Eaton County Sheriff, Mike Raines. On December 17, 2009, Plaintiff submitted his First Amended Complaint. In his Amended Complaint, Plaintiff makes the following allegations.

Plaintiff suffers from the following illnesses: (1) Crohn's disease; (2) inflammatory bowel disease; (3) polyarthritis; (4) chronic joint pain; (5) spondylarthropathy; and (5) bi-polar disorder. Plaintiff "takes several prescribed medications to treat these diseases, including a prescription pain medication, hydrocodone/APAP (also known as Tylenol 4 or Vicodin)." On September 9, 2009, Plaintiff was sentenced in Eaton County District Court to serve a jail sentence of 270 days.

Plaintiff provided to officials at the Eaton County Jail "letters from his physicians and health care providers" documenting his "treatment needs while he was in jail." Upon his arrival at the

Eaton County Jail, Plaintiff was examined by nurse, Bill Jenkins who informed Plaintiff "that he would not be able to receive his prescribed narcotic-based pain medications while in the jail." Since arriving at the Eaton County Jail Plaintiff has experienced "chronic pain" which he rates as 9/10 in severity. Despite experiencing such pain, Plaintiff "has never been seen by a physician since arriving at" the Eaton County Jail. Plaintiff's repeated requests to receive his "prescribed narcotic-based pain medication" have been denied. Plaintiff has instead been provided only "over-the-counter strength" medication which is inadequate to treat his pain.

Plaintiff is presently housed in the "Motivation Dorm," which entitles him to receive a twenty-five (25) percent reduction in sentence. However, inmates in segregation or close supervision receive no such reduction in sentence. Jail officials informed Plaintiff that he could receive narcotic-based pain medication "if he is in a housing arrangement with 'close supervision [segregation].'" Plaintiff refused this arrangement "because it would effectively increase the time [he] would be required to serve in jail."

Plaintiff asserts that the failure by Defendant to provide him with narcotic-based pain medication violates his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts that the offer by jail officials to provide him with narcotic-based pain medication if he agrees to be subject to close supervision constitutes unlawful retaliation. Finally, asserting that he "is led to believe" that his telephone conversations with his attorney are being recorded, Plaintiff claims violation of his First Amendment right to confidential communications with his attorney. Plaintiff brings the present motion seeking injunctive relief as to his Eighth Amendment claim. Specifically, Plaintiff requests that the Court enter an Order that Defendant "provide his prescribed narcotic-based pain medications."

A preliminary injunction is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate

indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which an official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation is sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the official "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, such fails to implicate the Eighth Amendment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials

responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

In response to the present motion, Defendant has submitted evidence that Plaintiff has not been denied narcotic-based pain medication. Plaintiff was instead informed that due to safety and security concerns, inmates receiving narcotic-based pain medication are housed "under close supervision and usually while the inmate was in a holding cell, which was close to the medical office." Plaintiff has admittedly refused this condition. It appears, therefore, that Plaintiff is not being denied narcotic-based pain medication. Rather, it appears that Plaintiff simply seeks to be able to consume narcotic-based medication without being subject to what appear to be legitimate penological restrictions.

Plaintiff also alleges that being placed in "close supervision" or a "holding cell" as a condition of receiving narcotic-based pain medication would prevent his participation in the Motivation program, thus depriving him of an opportunity to serve a shorter sentence. In response, Defendant has submitted evidence that Plaintiff was informed that he would be allowed to participate in the Motivation program even if he was placed in close supervision or a holding cell as a condition of receiving narcotic-based pain medication. Thus, it does not appear that Plaintiff is somehow being subjected to a lengthier prisoner sentence as a condition of receiving requested medication.

Plaintiff asserts that he has not been examined by a physician. Defendant has submitted evidence that Plaintiff has, in fact, been examined by Dr. Coy, who has prescribed Ultram, a "synthetic opiate analgesic in the same medication class as Tylenol #4." Defendant has submitted evidence that Ultram's "use in a jail setting is preferred because. . .it is generally considered not as addictive, and with a lower risk of abuse." Defendant has submitted evidence that whenever Plaintiff "has indicated the dose [of Ultram] he is receiving is not sufficient for pain control, his dose has been increased."

Defendant asserts that Plaintiff is "now receiving the maximum allowable dose" of Ultram. William Jenkins, R.N., asserts that in his opinion "Ultram is a medically reasonable alternative to Tylenol #4, particularly for an inmate in general population."

In reply to Defendant's submissions, Plaintiff has submitted an affidavit in which he acknowledges that he is presently receiving 2 tabs of Ultram four times daily. Plaintiff does not dispute that such constitutes "the maximum allowable dose" as asserted by Nurse Jenkins. Plaintiff, likewise, does not challenge Nurse Jenkins' assertion that "Ultram is a medically reasonable alternative to Tylenol #4." While Plaintiff also makes assertions disputing Defendant's position regarding the treatment he received after initially being admitted to the jail, such are of only marginal relevance presently. First, at most, such assertions reveal that there exist factual disputes concerning certain aspects of Plaintiff's claims. However, before recommending injunctive relief that would require the Court to micromanage the day-to-day operations of a county jail, Plaintiff must do more than simply identify the existence of factual disputes regarding matters only tangentially related to the injunctive relief sought. Moreover, it must be remembered that Plaintiff is seeking an injunction ordering Defendant to provide Plaintiff with narcotic-based pain medication. As discussed above, Defendant has thus far declined to provide Plaintiff with such medication for what appear to be legitimate penological reasons. Defendant has submitted evidence that Plaintiff is, however, receiving a "medically reasonable alternative" medication. On this point, there is no dispute.

The Eighth Amendment does not afford to Plaintiff the right to receive the medical treatment of his choosing, but instead simply guarantees that he not be denied adequate medical treatment. The evidence thus far submitted indicates that Plaintiff is not being denied medical treatment, but merely that Plaintiff disagrees with his care providers' treatment decisions as well as the decisions

by jail officials undertaken to ensure the safety and security of the facility and all inmates housed therein.

Plaintiff's request for injunctive relief fails for several reasons. First, Plaintiff has failed to demonstrate that he "is being threatened by some injury for which he has no adequate legal remedy." While Plaintiff asserts that jail officials flatly refuse to provide him with narcotic-based pain medication, the evidence submitted by Defendant indicates that Plaintiff has been given the opportunity to receive such medication, but simply refuses to comply with the legitimate requirement that he be placed in "close supervision" or a "holding cell" while receiving such. Defendant has further submitted evidence that Plaintiff is receiving a satisfactory alternative to narcotic-based pain medication. Thus, the Court fails to discern how Plaintiff is suffering or being threatened with an injury for which he has no legal remedy. *See, e.g., Meekins v. Beard*, 2008 WL 474250 at *3 (M.D. Pa., Feb. 20, 2008) (where inmate is "receiving care. . .even though it may not be the treatment and care he desires," inmate fails to demonstrate that he is suffering an injury for which there exists no adequate legal remedy").

Moreover, even if the Court assumes that Plaintiff can surpass this initial hurdle, the outcome is the same. As discussed above, Plaintiff has failed to demonstrate that he is likely to prevail on the merits or that he would suffer irreparable injury in the absence of injunctive relief. Moreover, to the extent Plaintiff requests that this Court attempt to micro-manage the day-to-day operations of the Eaton County Jail, the Court finds that granting the requested relief would not be in the public interest.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for Preliminary Injunction, (dkt. #2), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: March 5, 2010        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge