UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID BOGLE,

   Plaintiff,            Case No. 1:09-cv-1046

v                   HON. JANET T. NEFF

MIKE RAINES,

   Defendant.
_____/


## **OPINION**

   This is a prisoner civil rights action, filed pursuant to 42 U.S.C. § 1983, involving allegations of deliberate indifference to the serious medical needs of inmates at the Eaton County, Michigan, jail, where plaintiff is presently incarcerated. The case was referred to a Magistrate Judge. Plaintiff has filed a Motion for Preliminary Injunction (Dkt 2) to require Defendant to provide Plaintiff his prescribed narcotic-based pain medication (Pl's. Mot. Prelim. Inj. 1, 3). The Magistrate Judge issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's motion.

   The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion with regard to a preliminary injunction; however, the Court grants relief as stated herein to require that Defendant secure an updated Independent Medical Examination of Plaintiff to determine his medication needs

and ensure the adequacy of his current medications, unless such relief is rendered moot by Plaintiff's release from incarceration.

Plaintiff argues that the Magistrate Judge erred in her conclusions that Plaintiff has failed to show he has no adequate legal remedy because (1) he was offered the medication, but refused to comply with the requirement of closer supervision; and (2) he is receiving a satisfactory alternative medication. Plaintiff more specifically objects that he has established irreparable harm; that Defendant's close supervision requirement is a moving target that lacks legitimate penological justification; and because Defendant's final prescription medication was not a satisfactory alternative. Plaintiff contends he has shown irreparable harm based on (1) deliberate indifference to his medical needs, which violates his Eighth Amendment rights; and (2) Defendant's policy of no narcotic-based pain medication, which has resulted in untreated pain. [Pl's. Obj. 1-2.]

The Magistrate Judge correctly set forth the applicable standards for granting a preliminary injunction (R & R 3), which Plaintiff does not dispute. Ultimately, the decision whether to grant injunctive relief lies within the Court's discretion. *See Dana Corp. v. Celotex Asbestos Settlement Trust,* 251 F.3d 1107, 1118 (6th Cir. 2001) ("Perhaps the 'most significant single component'" in the decision whether to grant injunctive relief "'is the court's discretion'") (citation omitted).

Plaintiff's objections are set forth in a stream-of-consciousness argument, which is essentially a reiteration of the varied bases for his claims of deliberate indifference to his medical needs. Plaintiff challenges the conclusions reached by the Magistrate Judge, disputes the factual basis for the conclusions, and argues that the factual disputes require that this Court conduct an evidentiary hearing with respect to Plaintiff's Motion for Preliminary Injunction. The Court has

and ensure the adequacy of his current medications, unless such relief is rendered moot by Plaintiff's release from incarceration.

Plaintiff argues that the Magistrate Judge erred in her conclusions that Plaintiff has failed to show he has no adequate legal remedy because (1) he was offered the medication, but refused to comply with the requirement of closer supervision; and (2) he is receiving a satisfactory alternative medication. Plaintiff more specifically objects that he has established irreparable harm; that Defendant's close supervision requirement is a moving target that lacks legitimate penological justification; and because Defendant's final prescription medication was not a satisfactory alternative. Plaintiff contends he has shown irreparable harm based on (1) deliberate indifference to his medical needs, which violates his Eighth Amendment rights; and (2) Defendant's policy of no narcotic-based pain medication, which has resulted in untreated pain. [Pl's. Obj. 1-2.]

The Magistrate Judge correctly set forth the applicable standards for granting a preliminary injunction (R & R 3), which Plaintiff does not dispute. Ultimately, the decision whether to grant injunctive relief lies within the Court's discretion. *See Dana Corp. v. Celotex Asbestos Settlement Trust,* 251 F.3d 1107, 1118 (6th Cir. 2001) ("Perhaps the 'most significant single component'" in the decision whether to grant injunctive relief "'is the court's discretion'") (citation omitted).

Plaintiff's objections are set forth in a stream-of-consciousness argument, which is essentially a reiteration of the varied bases for his claims of deliberate indifference to his medical needs. Plaintiff challenges the conclusions reached by the Magistrate Judge, disputes the factual basis for the conclusions, and argues that the factual disputes require that this Court conduct an evidentiary hearing with respect to Plaintiff's Motion for Preliminary Injunction. The Court has

carefully considered Plaintiff's challenges, but is unpersuaded that the alleged errors, if any, warrant a conclusion different from that reached by the Magistrate Judge.

To the extent that Plaintiff complains of delays in medical treatment or other *past harm that is now remedied*, the Court finds such argument immaterial to injunctive relief to require Defendant to provide Plaintiff his prescribed narcotic-based medication (Pl's. Mot. Prelim. Inj. 1). "'Because injunctive relief looks to the future, and is designed to deter rather than punish, relief will be denied if the conduct has been discontinued on the ground that the dispute has become moot and does not require the court's intervention.'" *Dana Corp.,* 251 F.3d at 1118 (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE § 2942 (2d ed. 1995)).

To the extent that Plaintiff requests "an injunction holding that Defendant's policy of precluding detainee [sic] from obtaining prescribed-based narcotic-pain medication is unconstitutional," (Pl's. Mot. Prelim. Inj. 3, Obj. 8), Plaintiff has failed to show that Defendant has such a policy in place, and the evidence indicates the contrary. In fact, in his brief in support of his motion, Plaintiff inconsistently states that Defendant has a "no-narcotics policy," and that, on information and belief, in the past, jail detainees were allowed to receive prescribed narcotic-based medications in the Eaton County jail (*id.* 5, 9, 10-11).

Further, Plaintiff fails to show how the Magistrate Judge's alleged error in the factual findings concerning Dr. Coy bears on the specific injunctive relief requested. Plaintiff states that contrary to the findings, Defendant has offered no evidence that Dr. Coy was the individual who prescribed Ultram for Plaintiff, and that the only record supporting an actual *examination* by Dr. Coy was three months into Plaintiff's incarceration (Pl's. Obj. 6). As discussed above, Plaintiff's

3

complaints of past delay in treatment may bear on Plaintiff's ultimate claim, but such circumstances do not support the extraordinary remedy of a preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002).

The Court finds no error in the Magistrate Judge's conclusion that Plaintiff has failed to show that the requested injunctive relief is warranted. The Court further finds no disputed issues of fact that are material to the question of injunctive relief, such that an evidentiary hearing is required. The disputed issues of fact bear instead on the ultimate merits of Plaintiff's deliberate indifference claims.

Although the Court finds no error in the Magistrate's Judge's determination that Plaintiff's requested injunctive relief is unwarranted, the Court does not lightly dispose of Plaintiff's allegations. Plaintiff's assertion of irreparable harm in the form of untreated pain, either as a result of unjustified delay in medical treatment and/or the failure to administer necessary prescriptive medication is legitimate and of concern to this Court. Accordingly, the Court finds Plaintiff entitled to relief that immediately and reasonably addresses these medical concerns. Defendant shall therefore secure an updated Independent Medical Examination of Plaintiff to determine his medication needs and ensure the adequacy of his current medications, unless such relief is rendered moot by Plaintiff's release from incarceration.[1]

---

[1] According to Defendant's Response, Plaintiff's anticipated release date from the Eaton County jail was April 22, 2010.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court except to the extent that this Court has granted relief to address Plaintiff's medical concerns.

An Order will be entered consistent with this Opinion.


Dated: May 3, 2010                          /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge