UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID BOGLE,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                    Case No. 1:09-CV-1046

MIKE RAINES,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Class Certification</u>. (Dkt. #7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated this action on November 16, 2009, against Eaton County Sheriff, Mike Raines. On December 17, 2009, Plaintiff submitted his First Amended Complaint, in which he makes the following allegations.

Plaintiff suffers from the following illnesses: (1) Crohn's disease; (2) inflammatory bowel disease; (3) polyarthritis; (4) chronic joint pain; (5) spondylarthropathy; and (5) bi-polar disorder. Plaintiff "takes several prescribed medications to treat these diseases, including a prescription pain medication, hydrocodone/APAP (also known as Tylenol 4 or Vicodin)." On September 9, 2009, Plaintiff was sentenced to serve 270 days in the Eaton County Jail.[1]

Plaintiff provided to officials at the Eaton County Jail (ECJ) "letters from his physicians and health care providers" documenting his "treatment needs while he was in jail." Upon his arrival at

---

[1] Plaintiff subsequently asserted that he was released from the Eaton County Jail on February 28, 2010. (Dkt. #26, Exhibit 1).

the Eaton County Jail, Plaintiff was examined by nurse Bill Jenkins who informed Plaintiff "that he would not be able to receive his prescribed narcotic-based pain medications while in the jail." Since arriving at ECJ, Plaintiff has experienced "chronic pain" which he rates as 9/10 in severity. Despite experiencing such pain, Plaintiff "has never been seen by a physician since arriving at" the Eaton County Jail. Plaintiff's repeated requests to receive his "prescribed narcotic-based pain medication" have been denied. Plaintiff has instead been provided only "over-the-counter strength" medication which is inadequate to treat his pain.

Plaintiff was housed in the "Motivation Dorm," which entitles him to receive a twenty-five (25) percent reduction in sentence. However, inmates in segregation or close supervision receive no such reduction in sentence. Jail officials informed Plaintiff that he could receive narcotic-based pain medication "if he is in a housing arrangement with 'close supervision [segregation].'" Plaintiff refused this arrangement "because it would effectively increase the time [he] would be required to serve in jail."

Plaintiff asserts that the failure by Defendant to provide him with narcotic-based pain medication violates his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts that the offer by jail officials to provide him with narcotic-based pain medication if he agrees to be subject to close supervision constitutes unlawful retaliation. Plaintiff further asserts that Defendant has violated his "First Amendment right to confidential communications with his attorney." In the present motion, Plaintiff seeks "to have certified as members of a class all individuals who are currently incarcerated or will be incarcerated in the future in the Eaton County Jail ("ECJ"), who are being denied narcotic-based prescription medication, as well as those who are having their attorney-client telephone conversations recorded."

To obtain certification of a proposed class, Plaintiff must satisfy the following requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Plaintiff must further demonstrate that:

>  (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
>  (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
>  (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

Plaintiff's request suffers from several shortcomings. First, Plaintiff has failed to establish that the proposed class is so numerous that joinder of all members is impracticable. This is generally referred to as the numerosity requirement, but as is well recognized, the real issue is whether the plaintiff can establish that "joinder of all [potential class members] is impracticable." *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005). Plaintiff bears the burden to affirmatively demonstrate the impracticability of joinder and "mere speculation. . .is not sufficient." *Id.* at 966 (quoting Wright, Miller & Kane Federal Practice and Procedure: Civil 3d § 1762).

In his motion, however, Plaintiff merely speculates that this requirement is satisfied. Plaintiff states that he "believes" that the number of individuals subject to Defendant's alleged "no narcotics policy is significant." (Dkt. #7 at 5). Plaintiff further asserts that joinder is impracticable because "it is not immediately apparent" which inmates are being denied narcotics pursuant to the alleged policy in question. (Dkt. #7 at 5). With respect to his First Amendment claim, Plaintiff asserts that the proportion of detainees and inmates who seek confidential telephone communications with their attorneys *may* approach 100 per cent of those held in ECJ." (Dkt. #7 at 6) (emphasis added). Plaintiff offers no indication that he has made any attempt to discover the number of "detainees and inmates" held in ECJ during any defined period of time. Plaintiff likewise offers nothing more than speculation as to how many such inmates "seek confidential telephone communications" with counsel. In sum, Plaintiff merely speculates that this requirement is satisfied. Such speculation, however, fails to affirmatively demonstrate that the proposed class is so numerous that joinder of all members is impracticable.

A second shortcoming in Plaintiff's motion concerns the requirement that the claims of the representative parties be typical of the claims of the class. Plaintiff seeks to certify a class to

challenge Defendant's alleged "no narcotics" policy. Defendant has, however, submitted evidence that the jail does not have a "no narcotics" policy. (Dkt. #13, Exhibit 3). Rather, the jail simply refuses to "routinely" provide inmates with narcotics without appropriate oversight. (Dkt. #13, Exhibit 3). Plaintiff's pleadings also reveal that no such policy exists. In his amended complaint, Plaintiff concedes that he was offered narcotic-based medication, but simply disagreed with the manner and circumstances under which such was offered. As the Court previously indicated, however, there exist legitimate penological reasons for jail officials to not simply provide narcotics to an inmate without some measure of supervision. Thus, rather than challenging a non-existent policy, Plaintiff is simply dissatisfied with the medical care he received during his brief incarceration in the Eaton County Jail. As Defendant correctly asserts, such claims are ill-suited to a class action because each potential class member's claims are subject to an individualized medical assessment. Thus, each potential class member's claims will be as unique as their individual medical needs and circumstances. Thus, Plaintiff has failed to establish that the claims of the represented parties are typical of the claims of the entire class.

As for Plaintiff's First Amendment claim, the Court reaches the same conclusion. As the Court previously recognized, Defendant has submitted evidence that inmates are permitted to engage in confidential telephone calls with an attorney, so long as such can "be accommodated in a manner consistent with facility security and personnel." (Dkt. #24, Exhibit 1). Again, while Plaintiff claims to be challenging a policy that *all* telephone calls without exception be recorded, Defendant has submitted evidence that no such policy exists. Aside from conclusory assertions unsupported by evidence, Plaintiff offers no evidence refuting such. As with Plaintiff's Eighth Amendment claim, each potential class member's First Amendment claim will likely be as unique as their individual

circumstances. Thus, Plaintiff has failed to carry his burden of demonstrating that the claims of the represented parties are typical of the claims of the entire class.

In sum, Plaintiff has failed to establish that the proposed class is so numerous that joinder of all members is impracticable. Plaintiff has also failed to establish that the claims of the represented parties are typical of the claims of the entire class. Plaintiff has likewise failed to satisfy the requirements of Federal Rule of Civil Procedure 23(b).

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for Class Certification, (dkt. #7), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 19, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge