UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BOGLE,

    Plaintiff,

v

MIKE RAINES, *Sheriff, Eaton County,*
*in his individual and official capacities,*

    Defendant.
_____/

Case No. 1:09-cv-1046

HON. JANET T. NEFF

# **OPINION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegations of deliberate indifference to inmates' medical needs at the Eaton County, Michigan, Jail, and violations of their First Amendment right to confidential communications with counsel. With regard to the latter issue, Plaintiff filed a motion for partial summary judgment as to Defendant's liability "for violation of Plaintiff's (and proposed class members') associational rights and right to counsel, under Defendant's policy of recording all inmate attorney-client phone calls" (Pl. Mot., Dkt 9 at 1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion.

Plaintiff argues that the Magistrate Judge erred in failing to identify the disputed factual issues that preclude summary judgment (Pl. Obj., Dkt 31 at 3). Plaintiff also objects that the Magistrate Judge failed to explain why the *Turner*[1] factors, used to determine whether a challenged jail policy is reasonably related to legitimate penological interests, favor Defendant. Plaintiff contends that there are no disputed issues of material fact and the *Turner* factors favor Plaintiff.

Plaintiff's arguments are without merit. The Magistrate Judge properly reviewed the record and concluded that there are material issues of fact based on Plaintiff's averments in his affidavit and Defendant's sworn statement from Donald Ulrey, the Jail Administrator (R & R at 6-9). The facts concerning jail "policy" for inmate telephone calls and the circumstances for policy exceptions are disputed. Contrary to Plaintiff's assertions, the factual record and the authority cited (Dkts 31-2, 31-3) do not conclusively establish liability on Plaintiff's First Amendment claim.

With regard to Plaintiff's objection concerning the Magistrate Judge's failure to fully detail her consideration of all four *Turner* factors, the Court finds no error. The Magistrate Judge properly determined that partial summary judgment was precluded in light of factual disputes concerning the first *Turner* factor. The Magistrate Judge additionally noted that consideration of the remaining factors would not change that result, viewing the evidence in the light most favorable to Defendant, as the Court is bound to do on a motion for summary judgment. Plaintiff's objection is without merit.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

---

[1] *Turner v Safley,* 482 U.S. 78 (1987).

Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

An Order will be entered consistent with this Opinion.


Dated: September 29, 2010            /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge