UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BOGLE,

    Plaintiff,

v

MIKE RAINES, *Sheriff, Eaton County,*
*in his individual and official capacities,*

    Defendant.
_____/

Case No. 1:09-cv-1046

HON. JANET T. NEFF

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, involving allegations of deliberate indifference to inmates' medical needs at the Eaton County, Michigan, Jail, and violations of their First Amendment right to confidential communications with counsel. Plaintiff filed a motion for class certification, seeking to certify as a class, "all individuals who are currently incarcerated or will be incarcerated in the future in the Eaton County Jail ("ECJ"), who are being denied narcotic-based prescription medication, as well as those who are having their attorney-client telephone conversations recorded" (Pl. Mot., Dkt 7 at 1). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny Plaintiff's Motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion.

Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff failed to meet the numerosity and typicality requirements for maintaining his proposed class action (Pl. Obj., Dkt 34 at 3, 12-13; R & R, Dkt 32 at 6). Plaintiff argues that as a general matter, "[c]ourts have recognized that jails, due to the fluid population, makes joinder impracticable" (Pl. Obj. at 4), and the same is true here. Plaintiff further argues that if class certification is not granted, his request for injunctive relief would be moot since Plaintiff has been released from jail[1] (*id.*). Plaintiff therefore argues that he has shown that the fluidity of the jail should be the relevant criterion in determining whether joinder is possible (*id.* at 5).

The Court is unpersuaded by these arguments. As stated in his objections,[2] Plaintiff seeks class certification for two claims: "(1) those who are not being informed that they can have confidential communications with attorneys and are having their attorney-client telephone conversations recorded and (2) those who are being denied narcotic-based prescription medication upon confined in the ECJ" (Pl. Obj. at 1). The difficulty with Plaintiff's reasoning is that Plaintiff's claims, as framed, do not necessarily apply to the general Eaton County Jail population. Thus, it cannot be presumed that all inmates would or could be members of the proposed class. Accordingly, the Court is not persuaded by Plaintiff's general calculation of the number of class members based merely on the number of inmates housed at the Eaton County Jail. Without more, the Court finds that Plaintiff has failed to show the impracticability of joinder is not merely speculative or that

---

[1]Plaintiff actually states that his request for injunctive relief "would not be moot" (Pl. Obj. 4). If it would *not* be moot, then this consideration would seem to be irrelevant to class certification.

[2]Plaintiff frames his claims somewhat differently in his various submissions to the Court, making it difficult to determine the precise boundaries of his claims, and making the purported policies at issue somewhat of a "moving target."

Plaintiff's claims are typical of the claims of jail inmates generally. "[W]hile 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden v. City of Columbus,* 404 F.3d 950, 965-66 (6th Cir. 2005) (citations omitted).

The Magistrate Judge considered Plaintiff's motion for class certification on the basis of the record and the specific claims advanced by Plaintiff. The Magistrate Judge properly concluded that Plaintiff's claims of class membership are speculative, both with respect to the administration of narcotic-based prescription medicine and the alleged violation of the First Amendment right to confidential communications with counsel. Plaintiff's claims in both regards are specific to his individual circumstances.

Plaintiff also objects that the Magistrate Judge should have determined numerosity and typicality based on the number of detainees to whom the telephone call policy applies, i.e., all detainees, because plaintiff claims that the Jail's policy is unconstitutional (Pl. Obj. at 6-7). However, whether a policy exists and, if one does exist, the full extent of the policy is disputed. Thus, this objection fails on the record before the Court.

Plaintiff's similar objection with respect to the receipt of narcotic-based prescription medication fails for the same reasons. Plaintiff asserts that "[i]t must be remembered that Plaintiff is challenging the policy and practice of not providing narcotic-based pain medication to detainees who enter the ECJ with prior prescriptions for such" (Pl. Obj. at 9). However, the specifics of the challenged "policy" are in dispute, and Plaintiff has no apparent basis for his contention that the approximate 5000 detainees confined annually at the ECJ are affected by such a policy. Contrary

to Plaintiff's assertions, the Magistrate properly considered the requirements for class certification and did not base her decision on the ultimate merits of Plaintiff's claim (*see id.* at 9).

The Court finds no basis for rejecting the Magistrate Judge's analysis and conclusion on the matter of class certification. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

An Order will be entered consistent with this Opinion.


Dated: September 30, 2010           /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge